**Ashok KASHELKAR, Plaintiff–Appellant,**

v.

**VILLAGE OF SPRING VALLEY, Spring Valley Police Department, Police Officer J. Beltempo, Shield No. 592, Defendants,**

**County of Rockland, Hon. Michael E. Bongiorna, District Attorney, County of Rockland, Defendants–Appellees.**

No. 07–2500–cv.

United States Court of Appeals, Second Circuit.

April 7, 2009.

**54**

Ashok Kashelkar, Spring Valley, NY, pro se.

Robert B. Weissman, Saretsky Katz Dranoff & Glass, LLP, New York, NY, for Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Ashok Kashelkar, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Brieant, J.), dismissing his complaint against the County of Rockland and Rockland County District Attorney Michael E. Bongiorna. We assume the parties' familiarity with the facts and procedural history.

Where, as here, the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then failure to object generally operates as a waiver of the right to appellate review. *See DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir.2000). As long as adequate notice is provided, the rule also applies to *pro se* parties. *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2d Cir.1989) (*per curiam*). Thus, by failing to file any objection to the report and recommendation, Appellant waived his right to challenge the substance of the report and recommendation. Moreover, upon review of the record, it is plain that the magistrate judge's decision "was not clearly wrong" and, thus, we need not excuse Appellant's default in the interest of justice. *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 59 (2d Cir.1988); *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). In any event, we have examined Appellant's claims and find them to be without merit. *See* 28 U.S.C. § 636(b)(1)(B); *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) ("As to . . . dispositive motions, the district judge may designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . . "(quotation marks omitted)).

For the reasons stated above, the judgment of the district court is AFFIRMED.